HAROLD WAYNE HELLER *et al.*, Plaintiffs-Appellees, *v.*
GERALD METCALF *et al.*, Defendants-Appellants.—(JERRY L. BENSON
*et al.*, Defendants.)

Third District   Nos. 80-495, 80-384 cons.

Opinion filed July 14, 1981.

Laurence F. Johnson and Richard A. Palmer, both of Ward, Ward, Murray, Pace & Johnson, of Sterling, and Michael E. Massie, of Massie & Steele, of Galva, for appellants.

Robert Stoerzbach, of Barash, Stoerzbach & Henson, and Timothy E. Sullivan, of McLaughlin, Hattery, Simpson and Sullivan, both of Galesburg, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Knox County in favor of plaintiffs, Harold Wayne Heller, Harold William Heller, Joan Lenz and Marilyn Heller, and against the defendants, Gerald Metcalf, Eleanor Morss and Opal O'Hearn. Plaintiffs are some of the devisees and defendants other devisees under the will of Earl Dalton, who died in 1971. The fourth paragraph of the will devised certain property for life to Dalton's sister, Florence Metcalf, and his nephew, Harold Wayne Heller, with a remainder to their children surviving them.

The will was admitted to probate in Knox County on May 12, 1971. Rose Dalton, the testator's wife, died June 5, 1976. Florence Metcalf had previously died on December 10, 1975, leaving the defendants as her three surviving children. Plaintiffs filed this action to construe the fourth paragraph so as to solely entitle Harold Wayne Heller to all the income, rents, and profits and to sole possession of the real estate. Plaintiffs further sought a determination as to when the fee vests.

The defendants filed an answer denying that the will should be construed as prayed. The defendants contended that they, as the heirs of Florence Metcalf, were entitled to one-half the income and are the owners of one-half the fee simple as tenants in common with Heller. A motion for judgment on the pleadings was filed by the plaintiffs and a hearing was held on that motion. The trial court granted the plaintiffs' motion, and judgment was entered for the plaintiffs.

On appeal, defendants raise two issues: (1) whether there was a question of fact so that the trial court erred in granting the plaintiffs' motion; and (2) whether the trial court's finding for plaintiffs was erroneous. We affirm.

The first issue we deal with is whether there was a question of fact so that the trial court erred in granting plaintiffs' motion for judgment on the pleadings. The defendants claim that there were disputed questions of fact that made it inappropriate for the trial court to rule on the plaintiffs' motion for judgment on the pleadings. The defendants' argument is that there is a question as to the testator's intent because the will is ambiguous and that the ambiguity can be resolved only through the introduction of extrinsic evidence. We disagree.

■■ Both parties agree to the facts applicable to the will. The only dispute between the parties is as to the meaning of the fourth paragraph of the will. We believe the language is sufficiently clear that the testator's intent may be discerned from the language used in the will. Therefore, extrinsic evidence is inadmissible and the trial judge properly considered the plaintiffs' motion for judgment on the pleadings.

Having decided that extrinsic evidence is inadmissible, we now reach defendants' second issue—whether or not the trial judge properly con-

strued the will. The fourth paragraph of Dalton's will provides in pertinent part:

> "I hereby will give, devise and bequeath to my sister, Florence Metcalf, and my nephew Harold Heller the following described real estate * * * for and during their natural lifetime, and will and devise the remainder therein to the child or children whom they may then leave surviving, share and share alike, subject however to the provisions in this will made for my wife, if she survives me."

The trial judge held that this language created cross-remainders in Metcalf and Heller and that, therefore, defendants, Metcalf's children, were not entitled to their portion of the remainder until both Metcalf and Heller had died.

The defendants argue that the testator could not have intended such a result. Under the trial court's construction it would be necessary for the defendants, who are nieces and nephews of the testator, to survive Heller in order to receive anything under this provision. Since Heller, who is also a nephew of the testator, is approximately the same age as the defendants it is quite possible that none of the defendants would outlive Heller and they would thus receive nothing under the will. Defendants point out that in the second, third, and fifth paragraphs of the will, the testator's other nieces and nephews have been given life estates in various realty with remainders to their children in language identical to the language in the paragraph which is disputed. The defendants contend that the testator's other nieces and nephews each received an estate and there is no reason to think the testator intended to treat Metcalf's children differently from the other nephews and nieces. Therefore, the defendants claim that the testator could not intend the construction which the trial court has given this paragraph because under such a construction it would be possible for the defendants to receive nothing, in contradistinction to what the testator's other nephews and nieces received. Instead, defendants argue that the testator must have intended that the fee would vest in them immediately upon Metcalf's death.

■■ ■ The defendants' arguments notwithstanding, we believe the trial court properly construed the will. The language used in paragraph four is identical to the language used in paragraphs two, three, and five. The general rule is that where the same words are used in different parts of a will they should, if possible, be given the same meaning. (*In re Estate of Leake* (1969), 107 Ill. App. 2d 346, 246 N.E.2d 314.) If the same words occur more than once in the will they are presumed always to be used in the same sense unless a contrary intention appears from the context. *Abrahams v. Sanders* (1916), 274 Ill. 452, 113 N.E. 737.

■■ In the second, third and fifth paragraphs, real estate was devised to various nephews and nieces with the remainder to the child or children

who survives them, share and share alike. In each of those paragraphs the beneficiaries are of the same degree of relationship to the testator. The nieces and nephews mentioned in those paragraphs took life estates, and the grandnieces and grandnephews were to share the remainder equally. Such a result is mandated by the use of the language "share and share alike." The words "share and share alike" require a per capita distribution, not per stirpes. (*Kiesling v. White* (1952), 411 Ill. 493, 104 N.E.2d 291.) To insure that the remaindermen take on a per capita basis, it is necessary to delay the vesting of the fee until the termination of all life estates. If the fee were to vest in the grandnieces or grandnephews upon the death of their parent, then the children would be taking on a per stirpes basis and might not be sharing equally, as mandated by the will. Therefore, the language in these paragraphs clearly requires cross-remainders in the life tenants.

■■ The classical definition of a cross remainder is:

> "* * * a remainder limited after particular estates to two or more persons in several parcels of land, or in shares in the same parcel of land, in such a way that upon the determination of the particular estate in any of the parcels or undivided shares they remain over to the other grantees, and the reversioner or ultimate remainderman is not let in until the determination of all the particular estates." (28 Am. Jur. 2d *Estates* §230 (1966).)

It is not necessary that there be express words of limitation in a will to create cross-remainders. Cross-remainders will be implied where it is necessary to carry out the testator's intention. *Addicks v. Addicks* (1914), 266 Ill. 349, 107 N.E. 580.

The language in paragraphs two, three and five requires cross-remainders to effectuate the testator's intentions. Therefore, with regard to these paragraphs, we imply them.

Having implied cross-remainders in paragraphs two, three, and five, the question remains whether they are to be implied in paragraph four. Defendants contend paragraph four cannot be construed in the same fashion as the other three paragraphs because, as opposed to the other paragraphs, the life tenants in paragraph four are not the same degree of relation to the testator. Metcalf is the testator's sister and Heller is the testator's nephew. Defendants argue that the rest of the will evinces a desire to treat the families of the testator's siblings equally and that the court's construction will result in the families being treated unequally. Therefore, the court's construction is erroneous.

■■ We find no merit in the defendants' arguments. It is clear that the nephews and nieces named in paragraph four were to be treated differently from the nephews and nieces named in paragraphs two, three, and five. The nephews and nieces named in paragraphs two, three and five

received life estates. Heller also received a life estate. In contrast to what the others received, the defendants would receive a fee simple when their estate vests. There is no indication as to why the testator wished to treat Metcalf's children differently, but nevertheless, regardless of which construction is adopted, they will receive a different estate than the other nephews and nieces. It is true that they may receive nothing, but if they do survive Heller, they will take a fee simple, not just a life estate. Therefore, the fact that the defendants are being treated differently from the other nephews and nieces does not require a different construction of the language in paragraph four. The language in paragraph four is identical to that of paragraphs two, three and five and should be construed identically with the other paragraphs. Therefore, Metcalf and Heller each took a cross-remainder under the terms of the will, and Heller is entitled to all the income, rents and profits from the real estate during his life.

For the abovementioned reasons, the judgment of the trial court of Knox County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.